UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Morin, Jane Hufnagel, Diane Mesedahl, Shannon Lushine, Amy Palo, Tim Robinson, and Jeanette Terhaar, individually and as representatives of a class of similarly situated persons, and on behalf of the Essentia Health Retirement Plan and the Essentia Health 403(b) Plan,

Plaintiffs,

v.

Essentia Health, St. Mary's Duluth Clinic Health System, Essentia Health Investment Committee, Diane T. Davidson, and John Does 1-30,

Defendants.

Civ. No. 16-4397 (RHK/LIB)

**ORDER**

This matter is before the court on the September 14, 2017, Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. The R&R recommended that Defendants' Motion to Dismiss be denied. Defendants filed timely objections to the R&R.

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Defendants' objections and adopts the R&R.

Plaintiffs are participants in two ERISA-benefit plans (the "Plans") sponsored by Defendant Essentia Health. They allege in this action breaches of fiduciary duty due to the Plans incurring "excessive" recordkeeping fees, resulting in the loss of millions of dollars. The R&R concluded that Plaintiffs had plausibly alleged claims for breach of the fiduciary duties of prudence and loyalty (Count I) and failure to maintain proper oversight of the recordkeeping fees (Count II).

Defendants raise three objections to the R&R. First, they argue that the R&R conflated the duties of prudence and loyalty, improperly considering the two together. The Eighth Circuit, however, has not analyzed these two duties distinctly, repeatedly considering the duty of loyalty collectively with the duty of prudence. See, e.g., Tussey v. ABB, Inc., 746 F.3d 327, 335 (8th Cir. 2014); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009). That is consistent with Plaintiffs' Amended Complaint, which alleges one Count of fiduciary breach based on both duties.

Second, Defendants argue that the R&R failed to consider certain documents the Plans filed with the Department of Labor. But those documents were filed after Plaintiffs amended their Complaint in this case, apparently in an effort to undermine Plaintiffs' new allegations. The R&R correctly determined that these public filings need not have been considered on a motion to dismiss. See, e.g., Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (court must convert motion into one for summary judgment if it considers extraneous materials submitted "in opposition to the pleading") (quotation omitted); see also Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) ("[T]he phrase 'official public records' . . . appears limited, or nearly so, to documents or facts

2

subject to judicial notice."). In any event, as Plaintiffs correctly note, even the newly amended forms Defendants cite do not undermine Plaintiffs' allegation that the recordkeeping fees were excessive. (Compare Docket No. 50 at 11 (asserting that the amended forms show per-participant recordkeeping fees of $59 per participant in 2013), with Am. Compl. ¶¶ 56-60 (alleging appropriate fee would have been $35-$45 per participant).)

Lastly, Defendants argue that the R&R erred in concluding that Plaintiffs had plausibly alleged their claims. They contend that the assertion of inflated fees is not enough, particularly given that two Plans are at issue here, not just one. But as the R&R noted, an allegation of inflated fees can support a plausible inference that fiduciary duties were breached, see Braden, 588 F.3d at 596, and Plaintiffs are not required, at this stage, to plead with specificity their methodology for calculating (and pleading) "comparator" fees. Moreover, Plaintiffs expressly allege Defendants failed to use the Plans' combined bargaining power to lower administrative expenses. (Am. Compl. ¶ 45.) See Tussey, 746 F.3d at 336 (affirming judgment for plan participants where fiduciaries failed to "adequately leverage the Plan's size to reduce fees").

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 47) is **ADOPTED**; and
2. Defendants' Motion to Dismiss (Docket No. 21) is **DENIED.**

Dated: October 27, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Judge

3